Daniel **TOBIN**, Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 16964.

United States Court of Appeals
Seventh Circuit.

Oct. 29, 1968.

John J. Cleary, Chicago, Ill., Daniel Tobin, in pro. per., for plaintiff-appellant.

Richard E. Eagleton, U. S. Atty., Springfield, Ill., for defendant-appellee.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge and CUMMINGS, Circuit Judge.

DUFFY, Senior Circuit Judge.

Plaintiff Tobin, twenty-four years of age, was found guilty of transporting a woman in interstate commerce for immoral purposes. 18 U.S.C. § 2421. He was sentenced for a term of four years.

Tobin wrote a letter to the District Judge in the form of a motion to vacate the judgment of conviction (28 U.S.C. § 2255). The motion was denied. Leave was given to appeal to this Court in forma pauperis, and counsel was appointed to represent the plaintiff on this appeal.

On May 22, 1967, plaintiff appeared before District Judge Poos in Springfield, Illinois, for arraignment. Plaintiff indicated his preference to have his own lawyer rather than one appointed by the Court. Plaintiff was released on an appearance bond of $5,000. He told the Court he wanted to enter a plea of not guilty. The Court said: "You do not desire to have the court appoint an attorney for you?" and Tobin answered "No, sir."

About seven and a half months later, in Peoria, Illinois, the case was called for trial by jury before District Judge Robert D. Morgan. Tobin informed the Court he was unable to employ private counsel; that the attorney contacted by him demanded a $1500 payment in advance and that he did not have sufficient funds to hire him. He told the Court he and his parents had tried up to the last minute to obtain counsel but all were unsuccessful.

The trial judge advised plaintiff about the penalties for perjury and conducted a searching inquiry as to Tobin's financial ability. Plaintiff had no job. His wife worked and earned $47 a week. Tobin had no property except $22 on hand.

Assistant United States Attorney Hatcher informed the Court that he had witnesses present in court who had come from a distance, and urged that a trial be had on that date. The Judge stated he would grant the motion of the Government to proceed with the trial.

Out of the presence of the jury, the Court informed plaintiff that he [plaintiff] would be given the opportunity to present questions touching on the qualifications of the jurors, to make an opening statement, to present instructions to the Court, to cross examine witnesses, to testify in his own behalf and to make a final statement.

The Judge, plaintiff and others returned to the courtroom and, in the presence of the prospective jurors, the following colloquy occurred:

"MR. HATCHER: Your Honor, I have had a conversation with the defendant, and he has indicated he would like to approach the bench.

"THE COURT: I will ask you, Mr. Tobin, to speak up so the reporter can hear what you say. If it will help, you can stand over here a little closer.

"DEFENDANT: I want to plead guilty."

The Court then told the plaintiff he had the right to a trial by jury and asked him if any threats or promises were made to him to induce him to change his plea. The plaintiff answered "No." The Court then stated the possible penalties for the offenses charged.

At this time, the Assistant United States Attorney stated: "Your Honor, if I might interject for a moment, the Government would hereby move to dismiss Count 2 of the indictment." The motion to dismiss Count 2 was granted. The case was referred to a Probation Officer for a pre-sentence investigation.

After the Assistant United States Attorney had made his recommendation as to the sentence, the following occurred:

"MR. HATCHER: * * * For the record perhaps I should say at this time we would recommend a sentence in this case when the time comes.

"THE COURT: All right. I will make a note of that, unless you wish to make the recommendation at this time so neither one of us forget it.

"MR. HATCHER: The Government would recommend a sentence of two years in prison, your Honor, on the one count of the indictment."

■ In a criminal case, the defendant is entitled to be notified of his rights which include the assistance of counsel at every critical stage of a criminal proceeding. Johnson v. Zerbst, 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461; 146 A.L.R. 357; Gideon v. Wainwright, 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed. 2d 799, 93 A.L.R.2d 733; Hamilton v. State of Alabama, 368 U.S. 52, 54, 82 S. Ct. 157, 7 L.Ed.2d 114, Rule 44(a), Federal Rules of Criminal Procedure.

A trial court must see to it that a defendant has the assistance of counsel unless he intelligently and understandingly waives the appointment of counsel. Spanbauer v. Burke, 7 Cir., 374 F.2d 67, cert. den. 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127 (1966); United States v. Barney, 371 F.2d 166, cert. den. 387 U.S. 945, 87 S.Ct. 2080, 18 L. Ed.2d 1333 (1966).

Plaintiff was without the aid of counsel both before trial and also before his plea of guilty. The issue to be here decided is—Did plaintiff intelligently waive his right to the presence of counsel on these occasions each of which was at a critical stage of the proceedings.

In Spanbauer v. Burke, 374 F.2d 67, 71 (1966), this Court quoted from Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 323, 92 L.Ed. 309. In part, we said: " 'A judge can make certain that an accused's proposed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances * * *.' "

It is clear in this case that the District Court failed to obtain any statement from Tobin that he did not desire appointed counsel at the trial or when he subsequently pled guilty.

We hold that Tobin did not intelligently and understandingly waive his right to counsel. The negative statement of the Judge at the time of arraignment—"You do not desire to have the court appoint an attorney for you" was not sufficient to tell the plaintiff that he had the right to have counsel appointed for him if he were indigent.

Starting with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, 93 A.L.R.2d 733 (1963), where Betts v. Brady, 316 U.S. 455, 62 S. Ct. 1252, 86 L.Ed. 1595 was overruled, the Supreme Court has repeatedly emphasized that the appointment of counsel is an absolute right, and that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a defendant may be affected.

A waiver of counsel at the arraignment cannot be constitutionally construed as a waiver of counsel at the trial or at a subsequent plea of guilty. Davis v. Holman, 5 Cir., 354 F.2d 773, 775–776.

The judgment of the trial court is reversed and the cause is remanded with directions that the plea of guilty in the original proceeding be vacated and that counsel be appointed by the Court to represent the plaintiff in any future proceedings in this case.

Mr. John J. Cleary of the Chicago bar was appointed by this Court to represent plaintiff-appellant on this appeal. We compliment counsel upon his fine presentation both in his briefs and upon oral argument. We extend to him our thanks for his valuable services.

Reversed and remanded.