**STATE of Tennessee, Appellee,**

v.

**Alton DUBROCK, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 11, 1983.

Jerry L. Smith, Asst. Atty. Gen., Nashville, Daniel W. Cook, Asst. Dist. Atty. Gen., Ashland City, for appellee.

C. Eric Stevens, Patricia Collins, Susan L. Kay, Nashville, for appellant.

## OPINION

DAUGHTREY, Judge.

The sole issue presented by this appeal concerns the validity of the trial court's decision to force defendant Alton Dubrock to trial without an attorney. This situation apparently resulted from the application of a local rule prohibiting continuances in all cases except for "compelling health reasons." In this instance, however, the record shows that the trial judge failed to hold an indigency hearing as required by T.C.A. § 40–2017(b), and that he put the defendant to trial without securing a valid waiver of his right to counsel. As a consequence, Dubrock's convictions of first degree burglary and grand larceny and his respective sentences of ten to fifteen years and three to ten years must be set aside and the case remanded for a new trial.

Dubrock was initially arrested on May 4, 1981, and was released on a $10,000 property bond secured by property belonging to a friend of his mother's. At that time he was employed, making $4.00 an hour, and was living with his mother. Dubrock hired an attorney to represent him on May 21, initially paying the attorney one-half his

$1,000 fee. Under the fee agreement, the remainder was to be paid prior to trial. On May 25, the attorney made a "special appearance" for Dubrock at a preliminary hearing.*

The minutes reflect that during September 1981, Dubrock's trial was set for January 7, 1982. In early November 1981, however, Dubrock lost his job. Unable to meet payments on his car note and auto insurance, he returned the car to the bank that held the note, in an attempt to "save his credit." The vehicle, of unknown vintage and condition, was apparently Dubrock's only asset.

Dubrock also notified his attorney that he would be unable to pay all of the remaining $500 due the attorney prior to the scheduled trial date. He asked to be allowed to pay the balance in future installments. The lawyer refused this arrangement and told Dubrock that he was withdrawing from the case.

The defendant then began futile efforts to secure legal assistance from various sources. Among other things, Dubrock notified his probation officer and the clerk of court that he no longer had an attorney, and he called the district attorney on two or three occasions. The district attorney refused to talk to him. Finally, some two weeks prior to his scheduled trial date, Dubrock telephoned the trial judge. He told the judge that he was currently unemployed but thought he could get work in Mississippi and pay his lawyer, *if* the court would "move his case forward." The judge told Dubrock that a continuance would not be granted, to which Dubrock responded that he could not then afford an attorney and would need to have one appointed. The trial judge informed Dubrock that he was going to be tried on January 7, with or without a lawyer.

On the morning of trial, Dubrock again asked to have counsel appointed, but the trial judge denied his request, saying that he would help the defendant try his case as best he could and still maintain his judicial neutrality. Thereupon trial commenced, with the not altogether unpredictable results outlined above: Despite the prosecutor's later accolades to the defendant's trial talents ("better than some lawyers around here"), Dubrock received lengthy sentences on both counts of the indictment.

At the subsequent hearing on the defendant's motion for a new trial, the trial judge appeared to concede that he had failed to comply with the statutory requirement of T.C.A. § 40–2017(b). But he maintained that the error might be considered harmless if it turned out that the defendant was not actually indigent at the time of his request for appointed counsel. The trial judge then listened to testimony from the defendant and made a somewhat equivocal finding that Dubrock was not indigent at the time of trial. At the conclusion of the hearing, for example, the judge noted that the "problem that squarely faces the Court here is the situation of a defendant becoming indigent between the time of his arraignment and the time of trial." On the other hand, the trial judge held that Dubrock "has [not] come into court in good faith without an attorney" but "has just simply been content to make his car payments . . . and if mama wanted to get him a lawyer that'd be fine . . . ."

The record suggests, however, that Dubrock needed the car to get to work and had to give it up once he was no longer employed. The record further shows that he made every reasonable effort in advance of trial to notify the court of his need for appointed counsel. He renewed his request on the morning of trial, but it was summarily denied. No timely indigency determination under T.C.A. § 40–2017(b) was made, although the trial judge did tell the jury that the court had examined Dubrock's financial situation and found that he did not qualify for an appointed attorney and would thus be representing himself.

---

* This appearance may have been at Dubrock's arraignment. The technical record fails to show that the defendant was actually arraigned, but no error in this regard has been raised on appeal.

This "finding" was not sufficient to satisfy the provisions of the statute, which requires that:

> *Whenever* an accused informs the court he is financially unable to obtain the assistance of counsel, it shall be the *duty* of the court to conduct a full and complete hearing as to the financial ability of the accused to obtain the assistance of counsel, and, thereafter, make a finding as to the indigency of the accused∴. . . .

T.C.A. § 40–2017(b) (emphasis added).

■ We think it is clear from the plain meaning of the statute that an indigency hearing must be held whenever a criminal defendant claims that he is financially unable to retain counsel. Furthermore, the legislature has placed no limits on the word "whenever." Thus, an indigency hearing is required at any point that the defendant claims indigency. It follows that simply because a criminal defendant was financially able to hire a lawyer at one point in the proceedings against him, he is not forever precluded from participating in a court-ordered indigency hearing and receiving the services of a court-appointed attorney if he should be found indigent. *See State v. Adams,* 369 So.2d 1327, 1330 (La.1979). We thus conclude that Dubrock should have been afforded an indigency hearing when he put the trial court on notice prior to trial that he was then unable to pay for a lawyer, even though he had previously retained an attorney.

■ Nor do we think that the error in failing to comply with the statute can be labelled harmless, unless it can be said to be harmless beyond a reasonable doubt. This standard is logically required because the deprivation that follows from a violation of the statute is constitutional in nature. *See generally Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Certainly it cannot be said that the proof in the record establishes Dubrock's non-indigency beyond a reasonable doubt. Thus, the only circumstance under which the defendant could constitutionally be put to trial with-

out an attorney would be pursuant to a valid waiver of his right to counsel.

■ Article 1, § 9 of the Tennessee Constitution and the Sixth Amendment to the United States Constitution both guarantee that absent a knowing and intelligent waiver, an indigent accused of a felony is entitled to have counsel appointed to represent him at trial. *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The State claims that the defendant waived his right to counsel by failing to obtain an attorney when he was financially able to do so and, further, that the defendant's indigency at the time of trial does not negate the waiver. We conclude that such a rule would require an unreasonable degree of foresight on the part of an accused. Moreover, it is constitutionally unsound.

■ A waiver of the assistance of counsel "must not only be voluntary, but constitute a knowing and intelligent relinquishment or abandonment of a known right or privilege, a matter which depends in each case 'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). *See also Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981); *State v. Burkhart,* 541 S.W.2d 365, 368 (Tenn.1976); *State v. Coleman,* 519 S.W.2d 581, 583 (Tenn.1975). An example of an effective waiver is found in *Glasgow v. State,* 224 Tenn. 626; 461 S.W.2d 25 (Tenn.1970), in which the defendant claimed that he "could not afford a lawyer." Following a careful investigation, the trial court found the defendant was not indigent. The trial court then, "after exceptionally thorough and extensive and repeated explanation of his [the defendant's] rights during which he was urged and implored to employ counsel," held that he had waived his right to counsel by failing to hire an attorney. *Id.* at 29. *Compare and contrast John C. Hooper, Jr. and Janet Diviney v. State of Tennessee,* Court of Criminal Appeals at Nashville, Au-

gust 13, 1982 (defendants who made no claim of indigency validly put to trial in absence of attorney). *See also State v. Denami,* 594 S.W.2d 747, 750 (Tenn.Cr.App. 1980) (defendant who asked to represent himself validly waived his right to counsel).

Under circumstances such as those in *Glasgow, supra,* and *Hooper, supra,* the failure to retain counsel by a defendant who can afford an attorney is properly regarded as a waiver of the right to the assistance of counsel. *Accord United States v. Weninger,* 624 F.2d 163, 167 (10th Cir.1980); *United States v. Vallejo,* 496 F.2d 960, 965 (1st Cir.1974); *United States v. Terry,* 449 F.2d 727, 728 (5th Cir.1971); *Keller v. State,* 75 Wis.2d 502, 249 N.W.2d 773, 777 (Wis.1977). If the rule were otherwise, a defendant could delay his trial indefinitely by failing to hire a lawyer, *Hooper v. State, supra; Keller v. State, supra,* 249 N.W.2d at 776, or could supply himself with appealable error by forcing a "trial court to require him to proceed *pro se.*" *State v. Lande,* 180 Mont. 157, 589 P.2d 666, 670 (Mont.1979); *see also United States v. Weninger, supra,* 624 F.2d at 166.

When an accused cannot afford an attorney, however, it is obvious that his failure to hire a lawyer cannot be regarded as a waiver of the right to counsel. Further, merely because a defendant at one time before the trial could (or thought he could) afford a lawyer, his failure to actually retain a lawyer will not operate as a waiver of his rights. Thus, in *Tobin v. United States,* 402 F.2d 307, 308 (7th Cir.1968), as in the present case, the defendant told the court at arraignment that he did not need an appointed attorney, but, on the day of the trial, the defendant requested that an attorney be appointed for him because he did not have enough money to employ private counsel. The trial judge forced Tobin to trial without counsel, and the reviewing court set aside his conviction, holding that "[a] waiver of counsel at the arraignment cannot be constitutionally construed as a waiver of counsel at the trial or at a subsequent plea of guilty." *Id.* at 309.

In summary, we emphasize that a defendant should be granted an indigency hearing if at any point in the proceedings he informs the court that he is financially unable to hire an attorney. The same is true despite the fact that the defendant previously may have tried to retain or temporarily did retain a lawyer. Of course, if he is found to be indigent, an attorney must be appointed for him. Because the trial court in this case failed to grant a hearing or appoint an attorney, and because there is no evidence of a valid waiver of the right to counsel, the judgment of conviction must be reversed and the case remanded for a new trial.

The error here apparently resulted from the trial judge's otherwise well-intentioned desire to run an efficient courtroom operation. Statutory and constitutionally guaranteed rights cannot be sacrificed in the name of efficiency, however. In order to avoid the problem that arose in this case, the trial judge would be better advised to eliminate the practice of permitting "special appearances" by counsel at early stages of the proceedings. Once an appearance is made, the lawyer's name should be noted on the docket as attorney of record and that attorney should not be allowed to withdraw except for extraordinary reasons. *See generally* Code of Professional Responsibility, Disciplinary Rule 2–110, promulgated as Rule 8 of the Rules of the Supreme Court of Tennessee. No such extraordinary grounds are shown in this case. Hence, if the defendant's attorney had been required to stay in the case following his initial appearance, the necessity of retrying this case would have been prevented. Obviously, a rule of practice which promotes unnecessary litigation is antithetical to the trial judge's avowed goal of ensuring efficient use of judicial resources, and it should be abandoned in future cases.

The judgment of the trial court is reversed, and the case is remanded for a new trial.

O'BRIEN and TATUM, JJ., concur.