# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 17, 2003

## STATE OF TENNESSEE v. WILLIAM BURT SMITH

**Direct Appeal from the Circuit Court for Franklin County**
**No. 12,226     Buddy D. Perry, Judge**

---

### No. M2002-02988-CCA-R3-CD - Filed March 16, 2004

---

The defendant was found guilty of one count of selling a Schedule II controlled substance, a Class C felony, and sentenced to eight years in the Tennessee Department of Correction. The defendant contends on appeal that the trial court erred in not appointing another attorney and requiring the defendant to proceed *pro se* at the motion hearing and trial after several attorneys were allowed to withdraw. We conclude that the defendant has failed to provide this Court with a record of all relevant court dealings. Therefore, we presume that the whole record justifies the trial court's decisions. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

John H. Norton, III (on appeal), Shelbyville, Tennessee, for the appellant, William Burt Smith.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, William Burt Smith, was found guilty of one count of selling a Schedule II controlled substance, a Class C felony. The trial court sentenced him as a Range II, multiple offender to eight years in the Tennessee Department of Correction. This appeal timely followed. The judgment of the trial court is affirmed.

### Facts

On July 7, 1998, the defendant was indicted on six counts of sale or delivery of cocaine, a Schedule II controlled substance. The trial court found that the defendant had sufficient income to

retain counsel on August 19, 1998, and ordered him to pay $750 per month if he wished to retain the court-appointed services of the public defender or Greg O'Neal. Approximately one month later on September 18, 1998, the trial court found that the defendant was indigent and appointed Joe Ford to represent him without any partial reimbursement. Ford filed a motion to withdraw as counsel on April 20, 1999. In the motion, Ford stated that "it was obvious that communication had broken down between your Movant and his client. The client accused your Movant of conspiring with the State of Tennessee and more specifically with Assistant District Attorney, Steven M. Blount, about his cases." He also stated that the defendant indicated that he did not trust him, and Ford was "doing things to make [the defendant] hate [Ford]." The defendant also "accused [Ford] of serious ethical violations and possible violations of Criminal Law." Ford stated that he could "no longer effectively represent the [d]efendant." He said that the defendant had expressed a desire to hire an attorney from Murfreesboro. The record indicates that Ford filed several motions after the motion to withdraw. At some point, he was apparently allowed to withdraw, although the record does not indicate when that happened.

On April 26, 1999, the trial court again found that the defendant was indigent and appointed Michelle Benjamin to represent him. The court also ordered partial reimbursement of $100 per month until $1000 was paid. Benjamin filed several motions and then apparently withdrew. There is nothing else in the record concerning Benjamin. On June 19, 2000, the trial court found that the defendant was indigent and appointed Paul Cross to the case with no partial reimbursement. Cross filed motions in the case including a motion for speedy trial on October 23, 2000. A motion to withdraw as counsel was filed by Cross on November 9, 2000. In the motion, he stated that the "person-to-person relationship between counsel and the [d]efendant has deteriorated to the point where counsel cannot function effectively as the [d]efendant's legal representative." The motion was denied. Cross filed another motion to withdraw on January 31, 2001, stating essentially the same grounds as the November motion. The trial court allowed Cross to withdraw on February 2, 2001, "because of a conflict."

The trial court instructed the defendant to return on February 15, 2001, and notify the court if he was retaining counsel or proceeding *pro se*. Any appearance on February 15, 2001, is not part of the record. On March 14, 2001, the defendant appeared before the court. The trial court questioned the defendant about his intentions to retain counsel. The defendant stated to the court that he did not currently have the money to retain counsel. He said that he was talking to Ray Fraley, but he wanted $5000 to represent him, with $2500 paid in advance. The defendant indicated that he only had $1500 "put away." The court noted that the defendant had made a $100,000 bond and was ordered to pay $750 per month toward his representation originally. According to the court, the defendant indicated on February 2, 2001, that he was attempting to hire an attorney in Nashville. The record does not contain a transcript of the appearance on February 2, 2001. The trial court then stated that it was "making a factual finding based on the record that [it did not] have an obligation to provide [the defendant] with appointed counsel for the trial in this case." The court went on to state that the case was going to trial on the date set "come hell or high water" and "we're going forward whether [the defendant has] counsel or not." The court then moved the trial date to July 6,

2001, and set the motion day as May 18, 2001, to "give [the defendant] enough time that [he can] get the money together and get Mr. Fraley up here."

On May 18, 2001, the defendant arrived at the motion hearing without counsel. The trial court inquired whether the defendant would have counsel for trial. The defendant indicated that he would have counsel in time for trial, but he was having a hard time coming up with enough money to pay him. The defendant asked the court for two more weeks in order to get an attorney for the motion hearing. The court denied his request for more time and ordered him to proceed *pro se* at the motion hearing. The trial was continued from July 6, 2001, to September 13, 2001, because of the medical condition of the Assistant District Attorney. The defendant arrived at the trial without counsel. He asked the court for a continuance, and the court denied his request. The defendant was then required to proceed in the trial *pro se*. The defendant was found guilty and sentenced to eight years.

**Analysis**

The defendant contends on appeal that the trial court erred in refusing to appoint another attorney and requiring him to proceed *pro se* at the motion hearing and the trial. The United States Constitution and the Tennessee Constitution both guarantee an accused the right to be represented by counsel during a criminal trial. U. S. CONST. amend. VI; TENN. CONST. art. I, § 9. The trial court has wide discretion in matters regarding the appointment of counsel; thus, the trial court's actions will not be overturned on appeal unless the defendant shows an abuse of discretion. State v. Rubio, 746 S.W.2d 732, 737 (Tenn. Crim. App. 1987). However, the right to counsel cannot be sacrificed by a trial judge's well-intentioned desire to run an efficient courtroom. State v. Dubrock, 649 S.W.2d 602, 606 (Tenn. Crim. App. 1983). "[T]he only circumstance under which the defendant could constitutionally be put to trial without an attorney would be pursuant to a valid waiver of his right to counsel." State v. Dubrock, 649 S.W.2d 602, 605 (Tenn. Crim. App. 1983). While the defendant in this case obviously did not explicitly waive his right to counsel, he may have implicitly waived or forfeited his right to counsel by using the right to "manipulate, delay, or disrupt trial proceedings." State v. Carruthers, 35 S.W.3d 516, 549 (Tenn. 2000). "[I]mplicit waiver and forfeiture are extreme sanctions." Id. at 550. Therefore, a defendant's conduct must be egregious in order for a court to appropriately find that the right to counsel has been forfeited. Id.

The record is silent as to what happened to counsel between the time the trial court declared that the defendant had sufficient income to retain counsel on August 19, 1998, and when he was declared indigent on September 18, 1998. The record does reveal that the trial court allowed Ford to withdraw because of serious accusations by the defendant, including violations of criminal law. The record is silent as to what happened to Benjamin, the next attorney appointed to represent the defendant. After Benjamin, the trial court appointed Cross to represent the defendant. The trial court allowed Cross to withdraw because of his strained relationship with the defendant. The record does not contain any transcripts of apparent appearances by the defendant on February 2, 2001, and February 15, 2001. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal.

Tenn. R. App. P. 24(b); <u>see</u> <u>State v. Taylor</u>, 992 S.W.2d 941, 944 (Tenn. 1999).  When a defendant fails to place all relevant trial court proceedings in the record on appeal, we are to presume that the whole record justifies the trial court's decisions.  <u>See</u> <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).  Accordingly, the judgment of the trial court is affirmed.

## Conclusion

Based on the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE