# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 20, 2013

## STATE OF TENNESSEE v. GEORGE JOSEPH RAUDENBUSH, III

**Appeal from the Criminal Court for Monroe County**
**No. 11077    Carroll L. Ross, Judge**

---

**No. E2012-02287-CCA-R3-CD - Filed December 3, 2013**

---

The Defendant, George Joseph Raudenbush, III,[1] was found guilty by a Monroe County Criminal Court jury of evading arrest with risk of death, a Class D felony; evading arrest, a Class A misdmeanor; two counts of assault, Class A misdemeanors; reckless endangerment, a Class A misdemeanor; driving on a suspended license, a Class B misdemeanor; violation of the financial responsibility law, a Class C misdemeanor; and speeding, a Class C misdemeanor. *See* T.C.A. §§ 39-16-603 (2010) (evading arrest), 39-13-101 (2010) (assault), 39-13-103 (2010) (amended 2012, 2013) (reckless endangerment), 55-50-504 (2012) (driving on a suspended license), 55-12-139 (2012) (amended 2013) (violation of the financial responsibility law), 55-8-152 (2012) (speeding). The trial court merged the evading arrest convictions. The Defendant was sentenced to serve four years as a Range I, standard offender for evading arrest. For the misdemeanor convictions, he was sentenced to serve eleven months, twenty-nine days for the reckless endangerment and the two assault convictions, six months for the driving on a suspended license conviction, and thirty days for the speeding conviction. Pursuant to statute, he was not sentenced for violating the financial responsibility law. The trial court imposed concurrent sentences. On appeal, he contends that the trial court denied him his Sixth Amendment right to counsel by determining he waived the right and by requiring him to proceed pro se at the trial, during sentencing, and on appeal. We reverse the judgments of the trial court and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed; Case Remanded**

---

[1] The Defendant identified himself in pro se pleadings as "George Joseph Third; Raudenbush." Appellate counsel filed pleadings identifying the Defendant as "George Joseph Third Raudenbush." We use the name that appears in the presentment.

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Richard Hughes (on appeal), District Public Defender; and George Joseph Raudenbush, III (at trial), Pro Se, for the appellant, George Joseph Raudenbush, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; R. Steven Bebb, District Attorney General; and James H. Stutts, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant proceeded pro se in the trial court. At the arraignment, he advised the court that he was "seeking private counsel." He stated, though, that he was unable to post his $25,000 bond. At a status hearing approximately two months later, the Defendant, who was no longer in custody, advised the court that he still intended to hire an attorney and was attempting to obtain the necessary funds. He agreed that he would retain counsel and appear with counsel about two months later. Before he was supposed to appear with counsel, the Defendant filed pro se motions in which he stated that he had interviewed several attorneys and "could not find a lawyer to repose his confidence in," noted his lack of legal training and need to obtain legal education, and requested that the court schedule a "status hearing" approximately eight months later in order allow him to attend a law school that had agreed to train him and to prepare his case. He stated that he did not want to waive any of his rights. The court denied the Defendant's motion to continue the case. The Defendant sought permission to pursue an interlocutory appeal, which this court denied. *See State v. George Joseph Raudenbush, III*, No. E2011-01294-CCA-R9-CD (Tenn. Crim. App. Aug. 2, 2011) (order). During the time the Defendant's application to this court was pending, the trial court conducted the previously scheduled hearing, and the Defendant appeared without counsel. The court set a trial date two months later. The Defendant requested additional time to prepare, but the court denied the motion.

About one and one-half weeks before the trial date, the trial court conducted a hearing on the Defendant's motion to appoint counsel. The court stated that it could not consider the affidavit of indigency until the Defendant signed it. The Defendant stated that he did not want to sign it until he had an attorney present. When the court pressed the Defendant to sign the affidavit, the Defendant insisted that he did not feel comfortable signing it without counsel. The public defender was in the courtroom and offered to review the affidavit with the Defendant, but the court instructed the public defender that it did not want him to review the affidavit with the Defendant. The Defendant disagreed with the court's statement that

the Defendant had refused counsel. The Defendant acknowledged that when he was in custody, he wanted to retain an attorney and said he "tried to."

The Defendant sought permission to appeal to the Tennessee Supreme Court, but the court denied the application. *See State v. George Joseph Raudenbush, III*, No. E2011-01295-SC-R9-CD (Tenn. Oct. 20, 2011) (order). The Defendant filed a signed affidavit of indigency with his interlocutory applications, and this court and the supreme court granted his motion to proceed *in forma pauperis*. The Defendant's application to the supreme court was filed five days before his trial began.

At the hearing two days before the trial, the Defendant requested that the trial court appoint counsel, but the trial court declined. The court noted that the Defendant had "consistently refused to hire counsel" and had not signed an affidavit of indigency. The Defendant stated that he did not want to go to trial without counsel, that he could not competently represent himself, and that he would affirm but not swear to the contents of the affidavit of indigency. At the end of this hearing, the court found the Defendant in contempt for having a recording device in the courtroom. The court jailed the Defendant, and he remained in jail until his trial began.

The Defendant reiterated his concerns about needing counsel at the beginning of the trial. He stated, "I don't want to waive my rights, Your Honor. . . . I can't go forward without counsel." He noted that he had filed a signed affidavit of indigency in his pending application to the Tennessee Supreme Court. The court did not allow the Defendant to submit an affidavit of indigency upon affirmation, conduct an indigency hearing, or conduct a hearing in order to determine if the Defendant knowingly and voluntarily waived his right to counsel and desired to proceed pro se.

The Defendant represented himself at the sentencing hearing. The judgments were filed on October 17, 2011. No timely notice of appeal appears in the record. Although a post-conviction petition is not in the record, an October 1, 2012 order of the trial court granting post-conviction relief in order to allow the Defendant to pursue a delayed appeal is in the record. The Defendant filed a notice of appeal on October 19, 2012. The Defendant filed a motion for appointment of counsel accompanied by an affidavit of indigency. This court ordered that the Defendant be considered indigent and remanded the case for appointment of appellate counsel. The Defendant is now represented by appointed counsel.

The issues before this court concern the trial court's determination that the Defendant was not entitled to appointed counsel. The Defendant contends that the court erred in refusing to appoint counsel and in requiring him to proceed pro se. The State concedes that the trial court erred. We agree with the Defendant and the State.

A criminal defendant has a right to be represented by counsel under both the United States and Tennessee Constitutions. U.S. Const. Amend. VI; Tenn. Const. art. I, § 9. Tennessee Criminal Procedure Rule 44(a) states, "Every indigent defendant is entitled to have assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel." Tennessee Code Annotated section 40-14-202(b) (2010) requires, in pertinent part,

> Whenever an accused informs the court that the accused is financially unable to obtain the assistance of counsel, it is the duty of the court to conduct a full and complete hearing as to the financial ability of the accused to obtain the assistance of counsel and thereafter, to make a finding as to the indigency of the accused.

The statute provides that the accused's statements shall be by sworn testimony in court or by sworn affidavit. T.C.A. § 40-14-202(b).

The record reflects that the Defendant requested appointed counsel and claimed he was indigent. Although he did not provide the trial court with a signed affidavit of indigency, he indicated his willingness to affirm the contents of an affidavit, and he advised the court that he had signed an affidavit of indigency for the supreme court. Because the Defendant had previously declined to sign the affidavit, the court did not allow the Defendant to sign it when the Defendant advised the court that he had been unable to retain counsel, that he was indigent, and that he desired appointed counsel. We note, as well, that the court did not conduct a hearing on the Defendant's financial resources and make a finding regarding the Defendant's indigency. The statute provides that the court must conduct a full and complete hearing and that the statements of a defendant seeking appointed counsel "shall be by sworn testimony in open court or written affidavit sworn to by the judge." *Id.* This court has said, "[A]n indigency hearing is required at any point that the defendant claims indigency." *State v. Dubrock*, 649 S.W.2d 602, 605 (Tenn. Crim. App. 1983) (involving a defendant who initially retained counsel but later informed the court that he was unable to pay an attorney). Throughout the pretrial proceedings, the Defendant advised the court that he was trying to obtain the funds to retain counsel, and when the Defendant eventually told the court that he was unable to pay an attorney and desired appointed counsel, the court failed to make a finding as to his indigency. Rather, the court relied upon the Defendant's previous actions and statements in determining that the Defendant had waived the right to appointed counsel. We note that the court could have made its findings after conducting a hearing or reviewing an affidavit of indigency, but it refused to do either.

The Defendant stated repeatedly in pleadings and in court that he did not wish to waive his right to counsel and that he wanted appointed counsel. Generally, the waiver of

-4-

the right to counsel must be knowing, voluntary, and intelligent and occurs "after the trial judge advises a defendant of the dangers and disadvantages of self-representation and determines that the defendant 'knows what he is doing and his choice is made with eyes open.'" *State v. Carruthers*, 35 S.W.3d 516, 546 (Tenn. 2000) (quoting *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 279 (1972) (citations omitted)). That said, an implicit waiver may be presumed "from the defendant's conduct *after* he has been made aware that his continued misbehavior will result in the dangers and disadvantages of proceeding pro se." *State v. Holmes*, 302 S.W.3d 831, 840 (Tenn. 2010). A defendant's conduct may become so egregious that he forfeits his right to counsel "even though the defendant was not warned of the potential consequences of his . . . actions or the risks associated with self-representation." *See Carruthers*, 35 S.W.3d at 548.

As we have stated, the record in the present case reflects that the Defendant did not explicitly waive his right to counsel. Although the record reflects that the Defendant tried the patience of the trial court and at one point was held in contempt, it does not reflect that the court ever advised the Defendant that his continued conduct placed his right to counsel in jeopardy by implicit waiver, nor does it reflect conduct so egregious that a forfeiture of the right to counsel occurred. Because the Defendant was denied his right to counsel and required to proceed pro se, his convictions must be reversed. The case must be remanded for a new trial at which the Defendant is afforded the right to counsel.

Despite the reversal of the convictions, we note that the trial court entered separate judgments for Count 4 (evading arrest with risk of death) and Count 5 (evading arrest) but noted on the judgment for Count 5 that the conviction merged with Count 4. Upon merger of two convictions, the trial court should enter a single judgment. *See, e.g.*, *State v. Addison*, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997). If the Defendant is convicted of both counts upon remand and the court determines that merger is appropriate, a single judgment should be entered.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are reversed, and the case is remanded for a new trial.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE