IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

## DENNIS R. BOLZE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 8611      Steven Wayne Sword, Judge, by Interchange**

_____

### No. E2018-01231-CCA-R3-PC
_____

The Petitioner, Dennis R. Bolze, appeals the dismissal of his motion to vacate his state convictions, which the trial court treated as a petition for post-conviction relief and determined to be time-barred. After review, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Dennis R. Bolze, Coleman, Florida, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; and James B. Dunn, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In May 2001, the Petitioner was indicted by the Sevier County Grand Jury on sixteen counts of failure to file sales tax reports. He was released on bond. His July 2, 2001 arraignment sheet showed that he "[a]ppeared [without] counsel, but will retain [c]ounsel, 15 days allowed[.]"

On August 28, 2001, the Petitioner signed a waiver of jury trial and entry of guilty plea. The waiver shows the Petitioner was acting pro se. The plea provided that the Petitioner would be sentenced to two years for each Class E felony conviction in Counts 1 through 4, with one count served consecutively, for an aggregate sentence of six years'

probation. The remaining counts were nolle prosequied. The trial court accepted the plea and entered judgments, the top right of each judgment form indicating that the Petitioner was pro se. In August 2003, the Petitioner, then represented by counsel, successfully moved for unsupervised probation.

While serving his state probation, however, the Petitioner was conducting a 21-million dollar Ponzi scheme between 2002 and 2008, "affecting over one hundred victims in the United States and Europe and resulting in a multi-million dollar loss to fraud victims." United States v. Bolze, 444 Fed. Appx. 889, 890 (6th Cir. 2012). Represented by counsel, the Petitioner ultimately entered an open guilty plea to three counts of wire fraud and three counts of money laundering, and the district court imposed a prison sentence of 327 months. Id. At his federal sentencing hearing, the Petitioner raised multiple challenges to his Presentence Investigation Report ("PSR") but significantly did not challenge the enhancement of his sentence based on his prior criminal history. United States v. Dennis R. Bolze, No. 3:09-CR-93, 2010 WL 2927418, at *2 n.5 (E.D. Tenn. July 23, 2010).

The Petitioner took no action on his state court convictions until July 31, 2017, when he filed the instant "Motion To Vacate Judgment, Expunge Conviction And Seal Record" in the Sevier County Circuit Court. In his motion, the Petitioner claimed that during the hearing on August 28, 2001, which was for the purpose of requesting more time to retain a lawyer or to have one appointed for him, the State approached him and offered a six-year plea agreement.[1] The Petitioner said that he accepted the plea without consulting with a lawyer concerning its "disadvantages or consequences," and that the court did not inquire into his lack of counsel or confirm that he had agreed to waive his right to an attorney.

Based on these assertions, the Petitioner argued that the structural error of the court's failing to make a proper inquiry into his self-representation undermined his state convictions. He, accordingly, asked that his state convictions be vacated. He further requested that the court "dismiss the case, expunge and seal the record in the interest of justice" because "the passage of time, faded memories, the loss of records and evidence, the where abouts [sic] of witnesses, and other factors" would impede his ability to defend himself after sixteen years.

On December 19, 2017, the Petitioner moved to have the original trial judge recuse himself, and the motion was granted. All the other judges in the Fourth Judicial

---

[1] The Defendant offers a more ominous version of events in his brief on appeal: "The state prosecutor offered [the Defendant] a plea bargain. He stipulated that [the Defendant] must accept this one-time offer without any consultations with a lawyer concerning the advantages and disadvantages of the plea offer. This included the future consequences of a felony conviction." (Brief pg. 2)

District recused themselves as well, and the Tennessee Supreme Court appointed a judge from another district to preside over the case.

On April 9, 2018, the court treated the Petitioner's motion to vacate judgment, expunge conviction, and seal the record as one for post-conviction relief and dismissed the motion as being filed outside the one year statute of limitations for post-conviction petitions. The Petitioner filed a motion to reconsider on April 30, 2018, in which he asserted that Tennessee Code Annotated section 40-30-102(b) provided for tolling of the statute of limitations when a "judgment is a product of a fatally 'unique constitutional defect' of Due Process[.]" On June 14, 2018, the court denied the motion, finding no basis for tolling the statute of limitations.

## ANALYSIS

As we understand his argument, the Petitioner asserts that his state court convictions are facially void because the trial court failed to follow Tennessee Rule of Criminal Procedure 44 before accepting his pro se guilty pleas and, thus, he suffered uncounseled convictions that were used to enhance his federal sentence. He additionally asserts that the "structural trial errors that occurred through the complete deprivation of trial counsel" fall within the exceptions for reviewing post-conviction claims filed outside of the one-year statute of limitations.

We initially note that the Petitioner's assertion that his state convictions are facially void lacks merit. First, the Petitioner's claim that the court did not adhere to the requirements of Tennessee Rule of Criminal Procedure 44 appears to fail because of lack of proof regarding his indigency at the time of his state court pleas. The record indicates that the Petitioner intended to hire his own attorney and was given 15 days to do so. At his next appearance, he entered his guilty pleas pro se. Rule 44 provides that "[e]very *indigent* defendant is entitled to have assigned counsel in all matters necessary to the defense and at every stage of the proceedings, unless the defendant waives counsel." Tenn. R. Crim. P. 44(a) (emphasis added). This court has held that "'the failure to retain counsel by a defendant who can afford an attorney is properly regarded as a waiver of the right to the assistance of counsel.'" State v. Earley Story, No. W2001-00529-CCA-R3-CD, 2002 WL 31257803, at *6 (Tenn. Crim. App. Sept. 13, 2002), perm. app. denied (Tenn. Jan. 27, 2003) (quoting State v. Dubrock, 649 S.W.2d 602, 606 (Tenn. Crim. App. 1983)). Thus, Rule 44 is not plainly applicable in this case as it is not clear that the Petitioner was indigent.

Second, the Petitioner's claim requires proof outside the record. Our supreme court has said that "this [c]ourt's prior decisions stand for the proposition that a judgment is entitled to a presumption of regularity and is not void unless a defect appears on the

face of the judgment." Hickman v. State, 153 S.W.3d 16, 25 (Tenn. 2004). In this case, the Petitioner's judgments are valid on their face, and the record shows the Petitioner proceeded pro se. A defendant has the right to counsel, as well as the alternative right to self-representation. State v. Northington, 667 S.W.2d 57, 60 (Tenn. 1984). Even assuming that the Petitioner was indigent, the limited record is silent on the issue of whether the trial court properly ascertained that the Petitioner made an informed decision to represent himself as required by Tennessee Rule of Criminal Procedure 44. Thus, the Petitioner's claim requires findings of fact not available in the record.

Moreover, regardless of whether the Petitioner's judgments are void or merely voidable, he is not entitled to relief via post-conviction because his claim is time-barred. Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, none of which is applicable in this case. The Petitioner appears to concede that none of the exceptions in Tennessee Code Annotated section 40-30-102(b) are applicable to him but asserts that federal law "would override [s]tate law where tensions between the two exist regarding the bedrock jurisdicitonal/procedural [sic] elements of an accused right to counsel and waiver to right of counsel inquiry." He relies on Ake v. Oklahoma, 470 U.S. 68 (1985), in support of this assertion. However, Ake is not applicable in this case.

- 4 -

Ake involved a direct appeal of a state conviction, not a collateral attack as is the case here. In Ake, the Oklahoma state court failed to consider the defendant's claim that he was improperly denied expert services because his claim did not meet the Oklahoma plain error standard. Id. at 74-75. The Ake court noted that one part of the Oklahoma plain error standard involved application of federal constitutional law and concluded that this gave federal courts jurisdiction to hear the claim "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and [federal court] jurisdiction is not precluded." Id. Distinguishably, here, only subsection (b)(1) of Tennessee Code Annotated section 40-30-102 requires a predicate application of constitutional law and then only if such is "a constitutional right that was not recognized as existing at the time of trial, [and] if retrospective application of that right is required." The right to counsel is not a newly-recognized right; therefore, the factual scenario of Ake is not applicable here.

In addition to the statutory bases, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. See Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001); Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001); Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). To determine whether due process tolling applies, courts should examine: (1) when the limitations period would normally have begun to run; (2) whether the grounds for relief arose after the limitations period normally would have commenced; and (3) if the grounds are later-arising, would a strict application of the limitations period deny the petitioner a reasonable opportunity to present the claim. Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

In Whitehead v. State, 402 S.W.3d 615 (Tenn. 2013), our supreme court discussed due process in a post-conviction context. The court identified three scenarios in which due process requires tolling the post-conviction statute of limitations. Id. at 623. The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. Id. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. Id. at 624. The third exception is when attorney misconduct necessitates the tolling of the statute of limitations. Id. The court emphasized that due process tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 631-32.

The Petitioner contends that he is entitled to due process tolling because he was unaware that the trial court did not conduct the required colloquy for self-representation and because he was not informed that his state convictions could later be used to enhance

a subsequent sentence. However, both of these claims were available to the Petitioner in a post-conviction action the day he walked out of the courtroom after pleading guilty. Lack of knowledge or late discovery of a claim does not make it "later arising." See, e.g., Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). The Petitioner has shown no diligence regarding his claims. Almost 16 years elapsed between the Petitioner's state plea and when he filed the motion to vacate judgment. Even pretending that the Petitioner's claim for relief did not arise until he learned that his state convictions were being used to enhance his federal sentence, he waited approximately seven years after his federal conviction before filing the motion. Given that the Petitioner was not impeded by anything beyond his control in pursuing a collateral challenge to his state convictions, other than a lack of knowledge, he cannot show entitlement to due process tolling of the statute of limitations. Accordingly, the post-conviction court properly denied the motion.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE